840 F.2d 11
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lionel Francis WILLIAMS, a/k/a Rock, Defendant-Appellant.
 No. 87-5073.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 6, 1988.
Decided Feb. 16, 1988.
 
 John L. Calhoun (Calhoun & Anderson on brief) for appellant.
 Barbara Slaymaker Sale, Assistant United States Attorney (Breckinridge L. Willcox, United States Attorney on brief) for appellee.
 Before SPROUSE and WILKINS, Circuit Judges, and JOSEPH H. YOUNG, United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 Lionel Francis Williams appeals from the judgment of the district court entered after a jury trial, finding him guilty of bank robbery, 18 U.S.C. Sec. 2113(a), bank larceny, id. Sec. 2113(b), assault during a bank robbery, id. Sec. 2113(d), and aiding and abetting, id. Sec. 2. Williams' sole contention on appeal is that the district court erred in not instructing the jury concerning how the sentencing recommendations set forth in the plea agreement of a codefendant who testified against Williams would affect the length of the codefendant's sentence. We affirm.
 
 
 2
 Williams' codefendant, who was indicted on charges identical to those for which Williams was convicted, pled guilty pursuant to a plea agreement. He testified at Williams' trial, identifying Williams as one of the robbers and describing the details of the robbery. At the conclusion of the evidence, Williams' counsel requested the court to instruct the jury concerning how the sentencing recommendations the government had agreed to provide in return for the codefendant's plea and testimony could affect the amount of time the codefendant would serve in prison. The court refused the specific instruction Williams requested, but did instruct the jury concerning the codefendant's testimony as follows:
 
 
 3
 [t]he jury should keep in mind that such testimony should always be received with caution and weighed with great care, for the reason that the accomplice may be testifying in the hope or expectation of receiving some benefit or gain in the form of a more lenient sentence or disposition of charges in the accomplice's own case or cases.
 
 
 4
 One of the things you may consider, of course, is the terms of any plea agreement reached between any alleged accomplice and the government.
 
 
 5
 You should consider whether the particular accomplice was testifying truthfully or falsely in order to obtain favorable recommendation by the government in the sentencing.
 
 
 6
 The important point is not whether or not there has been plea agreement or plea bargaining, but whether or not an alleged accomplice, having entered into such a plea bargain, is testifying truthfully or falsely in order to obtain a favorable disposition by the government in his own case or cases. This requires a determination by you of the credibility of the alleged accomplice; and, in making this determination, you should apply the tests for weighing the credibility of witnesses as I have mentioned them to you in the course of these instructions.
 
 
 7
 The plea agreement was entered into evidence. The court advised defense counsel that he could argue to the jury concerning the inferences arising from the plea agreement that he had requested be covered by the refused instruction. In our view, the circumstances of the plea agreement were sufficiently addressed by the court's instruction. The plea agreement was in evidence, and defense counsel was allowed to argue without restriction concerning its effect on the codefendant's credibility. Under these circumstances, we perceive no error in the court's denial of the instruction requested by the defendant, and the judgment of the district court is affirmed.
 
 
 8
 AFFIRMED.